IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES THEODORE ROSS, #334624 | * |
|                 Plaintiff, | |
| v. | *   CIVIL ACTION NO. RWT-06-908 |
| LORD AND TAYLOR DEPARTMENT STORE | * |
|                 Defendant. | * |
| | *** |

**MEMORANDUM OPINION**

This Complaint was received for filing on April 10, 2006. Plaintiff, who is currently confined at the Maryland Reception Diagnostic and Classification Center in Baltimore, Maryland, seeks $5,000,000.00 in damages, alleging that after shopping in the Lord and Taylor department store in Columbia, Maryland on October 13, 2005, he was attacked by a "loss prevention officer" as he left the store. (Paper No. 1). The matter was construed as a civil rights action.

Plaintiff has filed a Motion to Proceed In Forma Pauperis. However, he has accumulated three "strikes" or dismissals of his prior prisoner civil actions pursuant to 28 U.S.C. § 1915(e).[1] 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in ac civil action or proceeding under this section if the prisoner on 3 or more prior occasion, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoners is under imminent danger of serious physical injury.

---

[1] See Ross v. Baker, Civil Action No. DKC-99-1572 (D.Md.) (dismissed June 16, 1999); Ross v. Baker, DKC-99-1603 (D.Md.) (dismissed June 16, 1999); and Ross v. Baker, DKC-99-1690 (D. Md.) (dismissed June 29, 1999). This court will continue to rely on those rulings to enter § 1915(g) dismissals when appropriate. See Evans v. Illinois Dep't of Corrections, 150 F.3d 810, 812 (7th Cir. 1998) (district court must cite specific case information upon which it issued a § 1915(g)dismissal).

In this case Plaintiff does not, nor can he, allege that he is under imminent danger of serious injury under the facts of his complaint.  See Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002); see also Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003);  Malik v. McGinnis, 293 F.3d 559, 562-63 (2$^d$ Cir. 2002); Abdul-Akbar v. McKelvie, 239 F.3d 307, 318 (3$^d$ Cir. 2001) (en banc).  Thus, he is not entitled to leave to proceed in forma pauperis.

A separate Order will be entered denying Plaintiff's Motion for Leave to Proceed In Forma Pauperis and dismissing the action without prejudice.   Plaintiff is advised that he may re-file this action upon payment of the civil filing fee.[2]   A separate Order shall follow.

Date:  4/20/06                                                                          /s/
                                                                                 ROGER W. TITUS
                                                                         UNITED STATES DISTRICT JUDGE

---

[2]   This should not be construed as an opinion that Plaintiff's allegations state a constitutional claim.  The jurisdictional and threshold requirements of 42 U.S.C. §1983 civil actions are that a substantial federal question be asserted and that the named defendants be acting "under color of" state law.  See 28 U.S.C. §§ 1343(a)(3) and (4); see West v. Adkins, 487 U.S. 42, 49 (1988); Lugar v. Edmondson Oil Co., 457 U.S. 922, 928-930 (1982).  Defendant is not subject to §1983 damage liability.
   Finally, to the extent that Plaintiff's complaint may be construed as a 42 U.S.C. § 1981, his action fares no better.  Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." To state a claim under § 1981, the following must be alleged: "(1) the plaintiff is a member of racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.)." Mian v. Donaldson, Lufkin & Jenrette Securities Corp., 7 F.3d 1085, 1087 (2$^d$ Cir. 1993).  The conclusory allegation made by Plaintiff that he was "attacked" because of his race does not set out a § 1981 claim.

2